1

**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (249203)
ak@kazlg.com
Matthew M. Loker, Esq. (279939)
ml@kazlg.com
Elizabeth A. Wagner, Esq. (317098)
elizabeth@kazlg.com
1303 East Grand Avenue, Suite 101
Arroyo Grande, CA 93420
Telephone: (805) 335-8455
Facsimile: (800) 520-5523

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (225557)
josh@westcoastlitigation.com
2221 Camino Del Rio South, Ste. 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANETTE DEREMO,<br><br>Plaintiff,<br><br>v.<br><br>**RESURGENT CAPITAL SERVICES L.P.,**<br><br>Defendant. | Case No.:<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATION OF:**<br><br>1. **THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE § 1788, ET SEQ**.<br>2. **THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692, ET SEQ.**<br><br>**LIMITED – UNDER $10,000** |

2 3 4 5 6 7 8 9 10 11 12 13 14 15 16 17 18 19 20 21 22 23 24 25 26 27 28

*KAZEROUNI LAW GROUP, APC*
*1303 EAST GRAND AVE, STE 101*
*ARROYO GRANDE, CA 93420*

Case #                                    *Deremo v. Resurgent Capital Services L.P.*
**COMPLAINT**

KAZEROUNI LAW GROUP, APC
1303 EAST GRAND AVE, STE 101
ARROYO GRANDE, CA 93420

**INTRODUCTION**

1. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.[1]

2. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq, to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

3. Plaintiff JANETTE DEREMO ("Plaintiff") through Plaintiff's attorneys, brings this lawsuit to challenge the actions of Defendant RESURGENT CAPITAL SERVICES L.P. ("Defendant") with regard to attempts by Defendant, a debt collector, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

///

///

---

[1] Cal. Civ. Code §§ 1788.1 (a)-(b)

4.  Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a Plaintiff, or to a Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

5.  While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6.  Unless otherwise stated, Plaintiff alleges that any violations by Defendant were knowing and intentional, and that Defendant did not maintain procedures reasonably adapted to avoid any such violation.

7.  Unless otherwise indicated, the use of any Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of that Defendant named.

### JURISDICTION AND VENUE

8.  Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331; 15 U.S.C. § 1692; and, 28 U.S.C. § 1367 for supplemental state claims.

9.  This action arises out of Defendant's violations of (i) the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788.17 ("RFDCPA"); and, (ii) Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq.  ("FDCPA").

10. Because Defendants conduct business within the State of California, personal jurisdiction is established.

11. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Experian resides in the County of Santa Barbara, State of California which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) Defendants conducted business within this judicial district at all times relevant.

///

///

///

KAZEROUNI LAW GROUP, APC
1303 EAST GRAND AVE, STE 101
ARROYO GRANDE, CA 93420

KAZEROUNI LAW GROUP, APC
1303 EAST GRAND AVE, STE 101
ARROYO GRANDE, CA 93420

## PARTIES

12. Plaintiff is a natural person who resides in the Santa Barbara County, State of California, from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff.

13. Plaintiff is a "debtor" as that term is defined by Cal. Civ. Code § 1788.2(h); and, a "consumer" as defined by 15 U.S.C. § 1692a(3).

14. Plaintiff is informed and believes, and thereon alleges, that Defendant is located in the State of California, with several other locations.

15. Plaintiff is informed and believes, and thereon alleges, that Defendant, in the ordinary course of business, regularly, on behalf of themselves or others, engage in "debt collection" as that term is defined by California Civil Code § 1788.2(b), and is therefore a "debt collector" as that term is defined by California Civil Code § 1788.2(c); and, 15 U.S.C. § 1692a(6).

16. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction.  As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f); and, and, 15 U.S.C. § 1692a(5).

## FACTUAL ALLEGATIONS

17. At all times relevant, Plaintiff is an individual residing within the State of California.

18. Plaintiff is informed and believes, and thereon alleges, that at all times relevant, Defendant conducted business in the State of California.

///
///
///
///
///

19. Sometime prior to 2019, Plaintiff incurred financial obligations to Defendant that were money, property, or their equivalent, which are due or owing, or alleged to be due or owing, from a natural person to another person and were therefore "debt(s)" as that term is defined by California Civil Code §1788.2(d) and a "consumer debt" as that term is defined by California Civil Code §1788.2(f); and, and, 15 U.S.C. § 1692a(5).

20. Sometime thereafter, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt.

21. As a result of Plaintiff's alleged delinquency, Plaintiff has received electronic communications from Defendant attempting to collect Plaintiff's alleged debt. These electronic communications constitute "debt collection" as that phrase is defined by Cal. Civ. Code § 1788.2(b).

22. On October 17, 2018, Plaintiff informed Defendant via certified mail that Plaintiff refused to pay Plaintiff's alleged debt alleged to be owed to Defendant.

23. Plaintiff's refusal to pay letter was received by Defendant on October 26, 2018 at 8:24 a.m. confirmed by certified mail.

24. Despite receiving Plaintiff's written request, Defendant has continued to repeatedly contact Plaintiff with regard to Plaintiff's alleged debt throughout October 2018.

25. Specifically, Defendant caused the following Facebook ad to appear for Plaintiff through the usage of targeted marketing:

KAZEROUNI LAW GROUP, APC
1303 EAST GRAND AVE, STE 101
ARROYO GRANDE, CA 93420

26. On information and belief, Defendant caused this collection attempt to appear on Plaintiff's Facebook page by utilizing Facebook Ads.

27. Such contact after a refusal to pay letter was received constitutes a violation of 15 U.S.C. § 1692c(c), which is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17. Thus, Defendant has also violated Cal. Civ. Code § 1788.17.

## CAUSE OF ACTION CLAIMED BY PLAINTIFF

## COUNT I

### VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

### Cal. Civ. Code §§ 1788-1788.32 (RFDCPA)

### [AGAINST ALL DEFENDANTS]

28. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

29. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

30. As a result of each and every violation of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from each Defendant individually.

## COUNT II

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §§ 1692-1692(p) (FDCPA)

### [AGAINST ALL DEFENDANTS]

31. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

32. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA.

33. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each Defendant individually.

KAZEROUNI LAW GROUP, APC
1303 EAST GRAND AVE, STE 101
ARROYO GRANDE, CA 93420

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant for:

- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1788.30(a), against each named Defendant individually;

- An award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b), against each named Defendant individually;

- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c), against each named Defendant individually;

- An award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1), against Defendant;

- An award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A), against Defendant;

- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3), against Defendant;

- Any and all other relief that this Court deems just and proper.

### TRIAL BY JURY

34. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: April 30, 2019                                    Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

By:  ___/s/ Matthew M. Loker___
MATTHEW M. LOKER, ESQ.
ATTORNEY FOR PLAINTIFF

KAZEROUNI LAW GROUP, APC
1303 EAST GRAND AVE, STE 101
ARROYO GRANDE, CA 93420